IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIRECTV, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LAWRENCE EMMONS, SR., RODNEY LUNDRIGAN, JAMES MOLINARO, ROBERT VALENTINO and TOM WILKINSON,<br><br>　　　　　Defendants. | S.<br>NO. 03 CV 1126 (NAM)(DEP)<br><br>STIPULATION AND ORDER FOR PERMANENT INJUNCTION AS TO ROBERT VALENTINO |

　　　　It is hereby stipulated by and among the parties that the following Permanent Injunction be entered by the Court without further notice or process:

　　　　1.　　Defendant ROBERT VALENTINO ("Defendant"), and any persons or entities controlled directly or indirectly by him, are hereby permanently enjoined and restrained from:

　　　　　　(a)　　receiving or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization by and payment to DIRECTV;

    (b)    designing, manufacturing, assembling, modifying, importing, exporting, possessing, offering to the public, trafficking, distributing, selling, or using any devices or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers, or software or components therefor) designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming;

    (c)    advertising the sale of any devices or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers, or software or components therefor) designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming, and advertising or providing information or technical services in support thereof; or

    (d)    reverse engineering or attempting to reverse engineer any of DIRECTV's products, services or technologies, including without limitation the encryption and security controls for the DIRECTV satellite system.

2.    This Permanent Injunction shall apply to the Defendant's activities worldwide, and shall apply with the same force and effect to the DIRECTV Latin America (also known as Galaxy Latin America) satellite system, and to any other direct broadcast satellite system or related business in which DIRECTV has a financial or other interest, now or in the future.

3.    The Defendant, and any persons or entities controlled directly or indirectly by him, are hereby permanently enjoined and restrained from:

(a) investing or holding any financial interest in any enterprise which the Defendant knows is now, or planning in the future, to engage in any of the activities prohibited by this Permanent Injunction; or

(b) knowingly allowing any persons or entities which he controls, either directly or indirectly, to engage in any of the activities prohibited by this Permanent Injunction.

4. In the event that the Defendant becomes aware that an enterprise in which he has invested or holds any financial interest is engaged in any of the activities prohibited by this Permanent Injunction, the Defendant agrees to immediately divest himself of any such investment or financial interest and to promptly notify DIRECTV of the same.

5. The Court shall retain jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Permanent Injunction. The Defendant specifically consents to personal jurisdiction and venue in the United States District Court, for the Northern District of New York.

6. Upon proof of any violations by the Defendant of the provisions of this Permanent Injunction, the Court shall be authorized to award damages to DIRECTV for

////

////

////

////

////

losses sustained prior to the date of this Permanent Injunction, in addition to any other damages or other relief authorized by law.

DATED: **April 25**, 200**5**.

_____
Honorable David E. Peebles
United States Magistrate Judge

Consented to:

GARVEY SCHUBERT BARER

By: _____
Mario Aieta, Bar Roll #511896
Daniel Jacobson, Bar Roll #512651
Robert Carrillo, Bar Roll #512711
599 Broadway, 8th Floor
New York, NY 10012
(212) 431-8700
Attorneys for Plaintiff DIRECTV, Inc.

Dated: **April 14**, 200**5**

STEPHANIE A. COLE, ESQ.

By: _____
Stephanie A. Cole
Bloom, Cole, Neubeck & Shonn
6 North Pearl Street
Buffalo, New York 14202
(716) 885-1270

Attorney for defendant Robert Valentino

Dated: _____, 200**5**

4

**VERIFICATION BY DEFENDANT**

STATE OF NEW YORK            )
                             )
COUNTY OF __Delaware__        )

I, ROBERT VALENTINO, being first duly sworn, on oath, depose and say that I have read the foregoing Stipulation and Order for Permanent Injunction, understand the terms thereof and, after the opportunity to consult with legal counsel, do freely consent to the entry of the same by this Court.

_____
ROBERT VALENTINO
Print Name: __Robert Valentino__

SUBSCRIBED AND SWORN TO before me this __30th__ day of __March__, 200__5__

_____
Name: __Mary Ellen Cantwell__
NOTARY PUBLIC in and for the State of __New York__ residing at:
__Margaretville NY__

My Commission Expires: __3/30/2006__

MARY ELLEN CANTWELL
Notary Public, State of New York
Delaware County, No 01CA4663159
Commission Expires March 30, 20__06__

5